UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN C. BURNS, II

    Plaintiff,

-vs-                                            File No: 1:07cv98
                                                    Honorable Gordon J. Quist

CITY OF MUSKEGON HEIGHTS and
RILLASTINE WILKINS,

    Defendants.
_____/

| Stephen L. Grimm  (P42555) | Robert A. Callahan  (P47600) |
|---|---|
| Traci M. Kornak  (P45468) | PLUNKETT & COONEY PC |
| GRIMM & KORNAK | Attorney for Defendants |
| Attorneys for Plaintiff | 535 S. Burdick, Suite 256 |
| 44 Grandville Ave., SW | Kalamazoo, Michigan  49007 |
| Grand Rapids, MI  49503 | (269)  382-5935 |
| (616)  458-8000 | |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for the 9th day of March, 2007, at 10:30 am.  Appearing for the parties as counsel will be:

    Stephen L. Grimm and Traci M. Kornak, on behalf of Plaintiff

    Robert A. Callahan, on behalf of Defendants

1.    <u>Jurisdiction</u>:  The basis for the Court's jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. §1331; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. <u>Jury or Non-Jury:</u>   The case is to be tried before a jury, pursuant to Defendants' demand for jury filed on February 6, 2007.

3. <u>Judicial Availability:</u>   The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to enter order of final judgment.

4. <u>Geographical Transfer:</u>  The parties agree that transfer for geographic convenience is not warranted in this case.

5. <u>Statement of the Case:</u>

Plaintiff was employed by the Defendant as the City Manager for 14 years. Plaintiff had a contract with Defendant that governed some of the terms of his employment.

During his employment performed his duties in a manner that was satisfactory and/or issues related to his performance he was notified by the Personnel Policy Review Committee and a plan was formulated to address it prior to it being brought to the City Council.  Prior to his termination Plaintiff was never notified in the manner and method provided above and/or the usual and customary manner that he had performance related issues that were serious enough to be dischargeable offenses.

In March 2006 the Muskegon Tribune published an editorial cartoon and editorial opinion critical of Defendant Wilkins. Defendant Wilkins was outraged about the published piece and believed the Plaintiff was behind it.  On/about March 27, 2006

Defendant called for a vote to terminate Plaintiff at an open meeting without any notice to Plaintiff alleging he was negligent not reprimanding the housing inspector for action/s that were not reprimandable. Following his termination in an effort to avoid paying Plaintiff severance it claimed that he for used his computer acts involving moral turpitude.

Plaintiff claims he was terminated without a proper hearing or meaningful opportunity to respond to the charges against him in violation of his civil and constitutional due process rights. Before depriving Plaintiff of his constitutionally protected property interest in continued employment, Defendants did not conduct a pretermination hearing or otherwise afford Plaintiff notice of the grounds for his termination and a meaningful opportunity to respond. Plaintiff has also alleged that he relied on the policies, practices and procedures of Defendant that created a reasonable expectation of continued employment.

Plaintiff further alleges that Defendant breached its contract relating to his termination and severance pay or approximately $72,000.00. Moreover, Defendant has refused to pay Plaintiff his earned compensation classified as accrued sick and accrued vacation.

Finally, Plaintiff alleges a claim for defamation based on statements made to third parties and/or media outlets that falsely accused him of engaging unethical, unprofessional and unlawful behavior.

Defendants' Statement: Defendants contend Plaintiff was an at-will employee at the City of Muskegon Heights. He served at the pleasure of the City Council. Defendant Rillastine Wilkins, as the Mayor, had only one vote on decisions made by the City Council. Plaintiff did not perform his job in a satisfactory manner. Prior to 2005, the City was warned it could lose its insured status with the Michigan Municipal League Liability and Property Pool. The City also had been advised, by outside counsel, there was a possibility the State of Michigan could take over the control of government functions for the City of Muskegon Heights.

Prior to November 2005, the composition of the Muskegon Heights City Council was such that Plaintiff had enough support to continue his employment. As a result of elections in 2005, Plaintiff's supporters were replaced by Council members who were not supporters of Plaintiff. As a result, in March, 2006, Plaintiff's position at the City of Muskegon Heights, as City Manager, was terminated. Following Plaintiff's termination, it was discovered inappropriate images were on Plaintiff's work computer, indicating Plaintiff had been accessing web sites to obtain inappropriate images. Although the discovery of this fact did not lead to Plaintiff's termination, it is after acquired evidence which would have resulted in his termination, once discovered.

Defendants deny Plaintiff was denied due process of law, wrongfully discharged, or was defamed in any manner in this case.

6. <u>Pendent State Claims:</u>  This lawsuit involves pendent state claims, for breach of contract, wrongful termination, and defamation.

7. <u>Joinder of Parties and Amendment of Pleadings:</u>

The parties expect to file all motions for joinder of parties to this action, and to file all motions to amend the pleadings, by March 29, 2007.

8. <u>Disclosure and Exchanges:</u>

(i) The parties believe that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), are appropriate, with disclosures to be made by Plaintiffs by April 27, 2007; Defendants by May 11, 2007.

(ii) The Plaintiff expects to be able to furnish the names of the Plaintiff's known witnesses, including all experts, to the Defendant by May 25, 2007. The Defendants expect to be able to furnish the names of Defendants' known witnesses, including all experts, to the Plaintiff by May 27, 2007.

In this case, it would be advisable to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).

(iii) The parties have agreed to make available the following documents without the need for formal request for production:

5

From Plaintiff to Defendants by April 27, 2007: All document disclosed by Plaintiff as set forth in Fed. R. Civ. P. 26(a)(1)(B).

From Defendants to Plaintiff by May 11, 2007: All documents disclosed by Defendants as set forth in Fed. R. Civ. P. 26(a)(1)(B).

9. Discovery:

The parties believe that all discovery proceedings can be completed by September 28, 2007. The parties recommend the following discovery plan:

All fact discovery to be completed by August 28, 2007; all discovery of experts to be completed by September 28, 2007. The presumptive limits to discovery set forth in the Order Setting Rule 16 Conference, specifically 25 interrogatories per side, and 10 depositions per side, lasting no more than 7 hours each, are agreed to.

10. Motions:

It is anticipated Defendants shall be filing a motion for summary judgment. The parties anticipate that all dispositive motions will be filed by October 15, 2007.

11. **Alternative Dispute Resolution:** Plaintiff's preferred method of alternative dispute resolution is voluntary facilitative mediation. Defendants do not agree to facilitative mediation. Defendants propose Michigan case evaluation after discovery closes.

12.     Length of Trial:  Counsel estimates that the trial will last approximately 6 days total, allocated as follows:  3 days for Plaintiff's case and 2-1/2 days for Defendant's case.

13.     Prospects of Settlement:  The status of settlement negotiations is that no demands have been made.  Plaintiff believes this is a case that settlement should be explored in good faith early on.  Defendants do not anticipate settlement is possible at this point in time.

14.     Electronic Document Filing System:     Counsel acknowledge having read the "Notice to Counsel Regarding Electronic Filing," attached to the Order Setting Rule 16 conference.  Counsel agrees this case is suitable for electronic case filing and counsel are prepared to participate.

15.     Other:  There are no special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to this case.

Dated:  March 6, 2007						/s/ Traci M. Kornak
									Traci M. Kornak (P45468)
									Attorney for Plaintiff

Dated:  March 6, 2007						/s/ Robert A. Callahan
									Robert A. Callahan  (P47600)
									Attorney for Defendants